IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAFAEL ORTIZ-HERNANDEZ,<br><br>    Plaintiff<br><br>        v.<br><br>WESTERNBANK OF PUERTO RICO, et al.,<br><br>    Defendants | CIVIL NO. 10-1581 (JP) |

## **OPINION AND ORDER**

Before the Court is Defendant Federal Deposit Insurance Corporation, in its capacity as receiver of Westernbank of Puerto Rico's ("FDIC-R") motion to dismiss (**No. 10**), and Plaintiff Rafael Ortiz Hernandez's ("Ortiz") opposition thereto (No. 11). For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED**.

**I.**

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiff Ortiz worked for Defendant Westernbank of Puerto Rico ("Westernbank") as a senior vice president. On or around April 2008, Plaintiff was allegedly forced to resign. Plaintiff alleges that Westernbank's management reached a written settlement agreement with him to avoid a potential lawsuit by which Ortiz was granted certain

CIVIL NO. 10-1581 (JP)          -2-

additional compensation. Ortiz negotiated with human resources personnel at Westernbank.

At the time when the written settlement agreement was executed, Plaintiff alleges that he inquired about other compensation not included in the written settlement agreement such as the annual Christmas bonus. For several years, Plaintiff was allegedly given a $13,000.00 Christmas bonus. Ortiz alleges that Westernbank's management told him that he, in addition to the compensation stipulated to in the written settlement agreement, would also receive at year end a $13,000.00 Christmas bonus. However, Plaintiff was allegedly only provided with a Christmas bonus in an amount equal to the minimum paid to all employees and not the agreed upon $13,000.00.

On or around June 4, 2009, Plaintiff filed suit against Westernbank in the Puerto Rico Court of First Instance alleging that Westernbank breached its contract with him when it failed to pay him the $13,000.00 owed to him as a Christmas bonus. No written agreement regarding the $13,000.00 Christmas bonus was provided by Plaintiff and he also does not allege that there is a written agreement.

On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Westernbank since it was insolvent and appointed the Federal Deposit Insurance Corporation ("FDIC") to serve as its receiver. On June 24, 2010, FDIC-R removed the case to this Court (No. 1).

CIVIL NO. 10-1581 (JP)          -3-

## II.

### **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct. at 1969). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III.

### **ANALYSIS**

Defendant argues that Plaintiff's case should be dismissed because Federal statutory and common law bars claims against the

CIVIL NO. 10-1581 (JP)        -4-

FDIC-R based on unwritten agreements. Plaintiff opposes the arguments. The Court will now consider the parties' arguments in turn.

A. **Federal Law**

Defendant argues that Plaintiff's unwritten agreement with Westernbank's management is unenforceable pursuant to 12 U.S.C. §§ 1821(d)(9)(A) and 1823(e), and the D'Oench, Duhme doctrine.

Section 1821 provides that "any agreement which does not meet the requirements set forth in section 1823(e) of this title shall not form the basis of, or substantially comprise, a claim against the receiver or the Corporation." 12 U.S.C. § 1821(d)(9)(A). Section 1823 provides:

> [n]o agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement (A) **is in writing**, (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (D) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e)(1).

Similarly, the D'Oench, Duhme doctrine prevents a party from asserting unwritten agreements as the basis for claims against the

CIVIL NO. 10-1581 (JP)           -5-

FDIC. <u>Bolduc v. Beal Bank, SSB</u>, 167 F.3d 667, 673 (1st Cir. 1999); <u>F.D.I.C. v. Zook Brothers Construction Co.</u>, 973 F.2d 1448, 1450-51 (1st Cir. 1992); <u>see also</u> <u>D'Oench, Duhme & Co. v. F.D.I.C.</u>, 315 U.S. 447 (1942).

Plaintiff argues that the motion should be denied because the instant case is controlled by 12 U.S.C. §§ 1821(d)(6), 1821(e). Specifically, Plaintiff claims that the FDIC-R repudiated Plaintiff's alleged contract with Defendant Westernbank and therefore he has a right to assert an ordinary contract claim for damages against the FDIC-R. <u>Battista v. F.D.I.C.</u>, 195 F.3d 1113, 1116 (9th Cir. 1999) (citing <u>Howell v. F.D.I.C.</u>, 986 F.2d 569, 571 (1st Cir. 1993)).

Taking Plaintiff's factual allegations as true, the Court determines that Plaintiff's claim is unavailing. Even if Plaintiff has a right to assert a contract claim against FDIC-R by virtue of FDIC-R's repudiation, Plaintiff's claim fails because the fact that he has a right to a contract claim does not exempt Plaintiff from having to comply with the requirements set forth by federal statutory law and federal common law. The Court notes that Plaintiff has failed to point to any law showing that he is exempted from complying with said requirements.

Section 1821 makes clear that "**any** agreement" that does not meet the requirements of 12 U.S.C. § 1823(e) cannot form the basis of a claim against FDIC-R. 12 U.S.C. § 1821(d)(9)(A) (emphasis added).

CIVIL NO. 10-1581 (JP)            -6-

Section 1823(e) states that to have a valid agreement it must be "in writing[.]" 12 U.S.C. § 1823(e)(1). The statutory language could not be more clear. Like Section 1821(d)(9)(A) and Section 1823(e), the D'Oench, Duhme doctrine is "directed at protecting the FDIC from unrecorded or oral agreements not in the insured bank's records[.]" Bolduc, 167 F.3d at 673. As such, Plaintiff's unwritten agreement regarding the Christmas bonus cannot be enforced, and therefore, the motion to dismiss is **GRANTED**.

**IV.**

**CONCLUSION**

Thus, the Court grants Defendant's motion requesting dismissal of Plaintiff's complaint. A separate Final Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March, 2011.

S/JOSE ANTONIO FUSTE
JOSÉ ANTONIO FUSTÉ
CHIEF U.S. DISTRICT JUDGE